**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PANUNCIO MUNOZ ORTIZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-72685

Agency No. A073-809-632

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:      CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Panuncio Munoz Ortiz, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision finding him removable for having participated in

alien smuggling. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo questions of law, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir. 2005), and claims of constitutional violations, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

Ortiz's due process rights were not violated by admission of the Record of Deportable/Inadmissible Alien ("Form I-213") because the form was probative and its admission was not fundamentally unfair, and the preparing officer testified at the hearing regarding the preparation of the form. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair").

We lack jurisdiction over Ortiz's unexhausted contention that the admission of the Form I-213 violated due process because it did not demonstrate whether a government agent had informed him of his regulatory rights. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**